IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cr-30046-GPM |
| | ) | |
| JACOB NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S COMBINED RESPONSE AND MEMORANDUM
TO DEFENDANT'S MOTIONS**

The United States of America, by and through Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Jungmin Lee, Special Assistant United States Attorney for said District, hereby files its response to Defendant's motions, states as follows:

The Defendant has filed two motions to suppress. The Government responds to each of the motions in the following paragraphs.

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**
(Document 49)

**I.    FACTUAL BACKGROUND**

The Government anticipates that evidence to be presented at the hearing on Defendant's Motion will establish the following facts:

On July 11, 2011, the DEA, through Task Force Officer Frank Magel, applied for and obtained a search warrant from this Court. TFO Magel described, in detail, the history of the investigation in support of a warrant to search and seize evidence in violation of Title 21, United States Code, Section 841(a)(1), specifically the items set forth in Attachment B, from a residence located at 122 North Third Street in Dupo, Illinois. Attachment B listed, among other things, controlled substances, paraphernalia for distribution and use of controlled substances, cash, and

firearms and other dangerous weapons. Based on the application and affidavit, this Court determined that sufficient probable cause existed as to whether the properties listed in Attachment B were concealed at the premises of 122 North Third Street in Dupo, Illinois.

On July 12, 2011, Columbia Police Department and DEA agents executed a search warrant at 122 North Third Street in Dupo, Illinois. From the search, officers seized, among other things, plastic bags of cocaine and marijuana, pills, a digital scale, two firearms, and a razor blade.

## II. ARGUMENT

### A. Defendant's motion is untimely

Defendant's Motion to Suppress Evidence is untimely. On February 8, 2012, this Court, in its Order Regarding Pre-Trial Discovery and Motion Practice, stated that "[i[f a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress**, the motion shall be filed within **21 days** of the arraignment and supported by a memorandum of law." (Doc. 8). Defendant was arraigned on February 8, 2012. (Doc. 6). Accordingly, as determined by this Court, the deadline to file a motion to suppress was February 29, 2012. Defendant's motion was filed on March 25, 2013, over a year past the deadline. Defendant has provided no reason why the Court should accept his motion filed just two weeks before the date of trial. Thus, this motion should be dismissed as untimely.

### B. **Defendant's contention that the affidavit in support of the search warrant failed to show probable cause is unfounded**

Defendant asserts that the affidavit in support of the search warrant is invalid because it failed to set out a proper showing of probable cause. Defendant's contention is entirely without merit.

An affidavit "establishes probable cause to support a search warrant when it sets forth sufficient evidence to convince a reasonable person that a search will uncover evidence of the alleged crime." *United States v. Bell*, 585 F.3d 1045, 1049 (7th Cir. 2009), citing *United States v. Carmel*, 548 F.3d 571, 575 (7th Cir. 2008). The issuing judge must make a "practical, commensense decision, whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Courts must afford "great deference to the issuing judge's determination" that a warrant is supported by probable cause. *Bell*, 585 F.3d at 1049. In particular, the issuing judge's determination of probable cause should be given "considerable weight" and this Court should only overrule the determination only "when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999); quoting *United States v. Pritchard*, 745 F.2d 1112, 1120 (7th Cir. 1984).

The affidavit in support of the warrant alleged specific facts and circumstances from which the magistrate judge could have reasonably concluded that the items sought to be seized were associated with the crime and located in the place indicated. The affidavit specifically provided information relating to drug trafficking at the target residence, including statements provided to police by individuals that were corroborated by police investigation. The record indicates that the magistrate judge believed based on the affidavit that probable cause existed that

the properties described were concealed on the premises. Thus, this finding should be given "great deference" and the motion to suppress should be denied.

### C. The "good faith" exception as set forth in *Leon* applies

Even if a warrant is not supported by probable cause, evidence seized may "f[a]ll within the good faith exception as established in *United States v. Leon*, 468 U.S. 897, 913 (1984)." *United States v. Harju*, 466 F.3d 602, 604 (7th Cir. 2006). Evidence may be introduced that are "obtained in the reasonable good-faith belief that a search or seizure was in accord with the Fourth Amendment." *Leon*, 468 U.S. at 909, citing *Illinois v. Gates*, 462 U.S. 213, 255 (1983). For the good-faith exception to not apply to the exclusionary rule, Defendant's motion to suppress must make the "requisite showing 'that officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Garey*, 329 F.3d 573, 579 (7th Cir. 20063), quoting *United States v. Leon*, 468 U.S. 897, 926 (1984).

Defendant has not demonstrated how or why the good-faith exception should not apply. Nothing in Defendant's motion shows how the officers preparing the affidavit were dishonest or reckless. The motion also does not explain, beyond a mere statement, the basis for the contention that no officer could harbor reasonable belief that probable cause existed. Thus, even if the Court were to find that the search warrant was not supported by probable cause, the evidence seized from the search should not be excluded based on the good-faith exception.

## DEFENDANT'S MOTION TO SUPPRESS STATEMENT
(Document 52)

### I. FACTUAL BACKGROUND

On July 12, 2011, Columbia Police Department officers arrested Defendant and transported him to the Columbia Police Department office. Prior to asking questions of

4

Defendant, Columbia Police Sergeant Jason Donjon read Defendant his *Miranda* rights from a laminated *Miranda* card. Defendant stated that he wished to speak with an attorney. Columbia Police immediately ended the interview following Defendant's statement.

After the interview, Columbia Police officers walked Defendant to the rear booking room. A short time later, Columbia Police Sergeant Michael Conrad arrived to take Defendant to the St. Clair County Jail. While waiting, Defendant initiated conversation and asked Sergeant Donjon the controlled substance that he was charged with. Sergeant Donjon responded, "cocaine." Defendant then admitted to Sergeant Donjon of snorting cocaine and stated that he snorted "a lot of things." Defendant stated that "if it can become a powder, he will snort it."

## II.    ARGUMENT

### A.  Defendant's motion is untimely

Defendant's Motion to Suppress Statement is untimely. On February 8, 2012, this Court, in its Order Regarding Pre-Trial Discovery and Motion Practice, stated that "[i[f a party desires to file any other motion, **including a motion to dismiss the indictment or a motion to suppress**, the motion shall be filed within **21 days** of the arraignment and supported by a memorandum of law." (Doc. 8). Defendant was arraigned on February 8, 2012. (Doc. 6). Accordingly, as determined by this Court, the deadline to file a motion to suppress was February 29, 2012. Defendant's motion was filed on March 25, 2013, over a year past the deadline. Defendant has provided no reason why the Court should accept his motion filed less than two weeks before the date of trial. Thus, this motion should be dismissed as untimely.

### B.  **Defendant's statements should not be suppressed because Defendant initiated conversation with the police**

The Supreme Court has long held that an individual interrogated while in in custody has the "right to request the assistance of a lawyer." *United States v. Jackson*, 189 F.3d 502, 510 (7th

5

Cir. 1999), citing *Miranda v. Arizona*, 384 U.S. 436, 469 (1966). As the Supreme Court stated in *Edwards v. Arizona*, "an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication, exchanges, or conversations with the police.*" *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). In *Jackson*, the Seventh Circuit upheld the district court's denial of a motion to suppress a statement made by a defendant to police because the defendant had initiated the communication after he had requested counsel. *Jackson*, 189 F.3d at 511.

Similarly, here, police stopped all interrogation after Defendant requested counsel. Later, Defendant initiated conversation when he asked what charges he faced. The police officer only answered his question and did not ask any questions himself. Defendant's statements admitting to snorting cocaine, snorting a lot of things, and that he will snort it if it can become powder were all stated after Defendant initiated conversation with the police. Thus, pursuant to *Edwards*, Defendant's motion to suppress these statements should be denied.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, the United States requests this Court deny Defendant's motions for the reasons discussed above.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s Jungmin Lee
Special Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Phone: (618) 628-3700
Fax: (618) 628-3772
E-mail: jungmin.lee@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 12-cr-30046-GPM |
| | ) | |
| JACOB NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2013, I caused to be electronically filed Entry of Appearance with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

John Stobbs, II
Thomas Q. Keefe, III.

Respectfully submitted,

STEPHEN R. WIGGINTON
United States Attorney

/s Jungmin Lee
Special Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL 62208
Phone: (618) 628-3700
Fax: (618) 628-3772
E-mail: jungmin.lee@usdoj.gov